(C.D. 3055)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided July 10, 1967)

*Stein & Shostak* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before WATSON and BECKWORTH, Judges, and OLIVER, Senior Judge

BECKWORTH, Judge: The merchandise involved in these cases consists of carrying cases for badminton equipment imported from Japan

and entered at the port of San Diego in 1964 and 1965. The badminton equipment was assessed with duty at 14 per centum ad valorem under item 734.50 of the Tariff Schedules of the United States, and the cases at 20 per centum ad valorem under item 706.60, as luggage or handbags. It is claimed that the containers are dutiable at the same rate as the equipment.

These cases have been submitted on a stipulation of counsel for the respective parties reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise represented by the items marked "A" and initialed TDS by Thurman D. Sherry on the invoices accompanying the entries covered by the protests enumerated in Schedule A annexed hereto and made a part hereof, and assessed with duty at 20% ad valorem under Item 706.60 of the Tariff Schedules of the United States, consists of containers of usual types ordinarily sold at retail with their contents, to-wit, the badminton sets, which were imported therewith.

2. That said protests are abandoned as to all other merchandise.

3. That the merchandise covered by the entries enumerated in Schedule A annexed hereto was entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, Public Law 89–241.

4. That said protests were filed on all of the entries enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protests were pending for decision by this Court on October 7, 1965, the date of enactment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of each of the entries enumerated in Schedule A and for classification of said merchandise in accordance with Section 4 of said Public Law 89–241 at 14% ad valorem under Item 734.50 of the Tariff Schedules of the United States.

6. That the protests enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

The Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 100 Treas. Dec. 661, T.D. 56511, amended the Tariff Schedules of the United States, by providing among other things:

Sec. 4 CONTAINERS NOT IMPORTED EMPTY.

The first sentence of subparagraph (i) of general headnote 6(b) (p. 12) is amended to read as follows: "The usual or ordinary types of shipping or transportation containers or holders, if not designed for,

or capable of, reuse, and containers of usual types ordinarily sold at retail with their contents, are not subject to treatment as imported articles."

Said act also provides in section 2 the procedure employed when certain claims are made:

(b)   Upon request therefor filed with the collector of customs concerned on or before the 120th day after the date of the enactment of this Act, the entry or withdrawal of any article—

(1)   which was made after August 30, 1963, and before the 61st day after the date of the enactment of this Act, and

(2)   with respect to which the amount of duty would be smaller if the amendments and repeals made by this Act (other than the amendments made by sections 28(a), 53(a), 78 (a) and (b), and 87(a) applied to such entry or withdrawal,

shall, notwithstanding the provisions of section 514 of the Tariff Act of 1930 or any other provision of law, be liquidated or reliquidated as though such entry or withdrawal had been made on the 61st day after the date of the enactment of this Act.

We find that the merchandise specified in the stipulation consists of containers for badminton sets of the usual type sold at retail with said sets, that the entries were made after August 30, 1963, and before the 61st day after the enactment of the Tariff Schedules Technical Amendments Act of 1965, and that a proper request for reliquidation was filed with the customs officer concerned within 120 days after the date of enactment of said act.

We hold that the merchandise represented by the items marked with the letter "A" and with the initials of the commodity specialist on the invoices accompanying the entries covered by the protests enumerated in scheduled A, annexed hereto and made a part hereof, is subject to duty in accordance with said section 4, Tariff Schedules Technical Amendments Act of 1965, at 14 per centum ad valorem under item 734.50, Tariff Schedules of the United States, as containers of usual types ordinarily sold at retail with their contents.

The protests are sustained and judgment will be entered for the plaintiff.